**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BENJAMIN HILL,

       Plaintiff,

v.

JOSHUA GOLL,

       Defendants.

Case No. 2:22-cv-10631

District Judge Laurie J. Michelson

Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO
DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST
DEFENDANT GOLL IN ACCORDANCE WITH FED. R. CIV. P. 4(m)**

**I.     RECOMMENDATION:** The Court should dismiss Plaintiff's claims

against Defendant Goll without prejudice in accordance with Fed. R. Civ. P. 4(m).

Since he is the only remaining defendant (*see* ECF No. 18, PageID.113), his

dismissal would result in the termination of this case.

**II.    REPORT:**

    **A.     The Operative Pleading**

Benjamin Dean Hill initiated this lawsuit in March 2022 and filed an

amended complaint in June 2022, in each case while located at the Lenawee

County Jail (LCJ) in Adrian, MI.  (ECF No. 1, PageID.9-10; ECF No. 11.)  Based

1

on the expectation that he would be released after his October 19, 2022 sentencing,

Plaintiff informed the Court that his address would change to 127 S. Lebanon Ave.

(St.), Bryan, OH 43506.  (ECF No. 14.)[1]  This remained his address of record until

at least November 2022.  (ECF No. 16, PageID.108.)  In August 2023, Plaintiff

informed the Court that his address had changed to 438 St. Antoine Street, Detroit,

MI 48226.  (ECF No. 31.)

Meanwhile, in January 2023, Judge Michelson entered an order accepting

Plaintiff's November 7, 2022 pleading (ECF No. 16) as the amended complaint,

ordering the Clerk to prepare the forms necessary to effect service of process upon

Defendant Goll, ordering the USMS to serve the completed service documents on

Defendant Goll, and striking "all defendants named and claims raised in Hill's

motion, other than the excessive-force claim against Defendant Goll[.]"  (ECF No.

18, PageID.113.)

B.     Attempts at Service upon Goll

Plaintiff is proceeding *in forma pauperis*.  (ECF Nos. 5, 13.)  In January

2023, the USMS attempted service of process upon Goll at LCJ.  (ECF No. 19.)

---

[1] The sentencing to which Plaintiff refers appears to be associated *State v. Hill*,
Case No. 2021-0000020344-FH (Lenawee County) and/or Case No. 2021-
0000020345-FH (Lenawee County).  *See* https://micourt.courts.michigan.gov/case-
search/court/C39.

However, in February 2023, the waiver was returned to the Court as undeliverable. (ECF No. 21.)

In March 2023, the Clerk of the Court issued a summons for service upon Goll, and the USMS acknowledged receipt of documents for service upon Goll at LCJ.  (ECF Nos. 22, 24.)  Although someone – presumably someone at LCJ – signed for the delivery on March 23, 2023, the envelope was returned to the Court on May 15, 2023 and is marked "ANK," *i.e.*, "address not known."  (ECF No. 25.)

On June 14, 2023, because Defendant Goll had yet to appear, I entered an order requiring Plaintiff to "show cause – in writing, and no later than **Wednesday, June 28, 2023** – as to why his claims against Defendant Goll should not be dismissed without prejudice for the failure to comply with Fed. R. Civ. P. 4(m) ("Time Limit for Service.")."  (ECF No. 26, PageID.129.)  My order also warned Plaintiff that "a failure to comply with this order may result in the entry of a report and recommendation that his case be dismissed."  (*Id.*)

On July 25, 2023, via email, an Administrative Assistant from the Lenawee County Sheriff's Office provided the Court with "ex-employee" Joshua Goll's last known address.  In August 2023, the Clerk of the Court prepared a summons (ECF No. 27), I entered orders directing re-service of Plaintiff's complaint (ECF No. 28) and vacating the order to show cause (ECF No. 29), and the U.S. Marshals acknowledged receipt of documents for service of process (ECF No. 30).

However, on September 28, 2023, the attempt at service was returned to the Court.

(ECF No. 32.)

**C.      Fed. R. Civ. P. 4(m) ("Time Limit for Service.")**

As to the time limit for service, the Federal Rules of Civil Procedure

provide:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Working from the November 7, 2022 operative pleading, the

deadline within which to effect service was on or about Monday, February 6, 2023.

As detailed above, the Court and the USMS – acting on Plaintiff's behalf –

have on three occasions attempted to facilitate service of process upon Defendant

Goll, who Plaintiff had previously identified as a Correctional Officer at LCJ (*see*

ECF No. 1, PageID.3 ¶ 10).  Considering the two above-described, seemingly

unfruitful, attempts to effect service upon Goll at LCJ (*see* ECF Nos. 19, 21, 22,

24, 25), as well as the unfruitful attempt to effect service upon Goll at a

purportedly last known address (*see* ECF Nos. 27, 28, 30, 32), in addition to the

recently-filed USMS notice of reasonable effort search as to Sgt. Goll (*see* ECF

No. 33), the Court and the USMS have run out of reasonable options to assist

Plaintiff in effecting service of process upon Goll. "In a Section 1983 action, it is the inmate's responsibility to provide the proper addresses of the defendants for service on these defendants." *Spencer v. Bynum*, No. 2:13-13056, 2013 WL 4041870, at *3 (E.D. Mich. Aug. 8, 2013) (Cox, J.). "There is no obligation for a district court 'to actively seek out the address of a defendant so that service can be effectuated' upon him or her." *Id.,* 2013 WL 4041870, at *3 (quoting *Fitts v. Sicker*, 232 F. App'x 436, 444 (6th Cir. 2007)). *See also May v. Heyns*, No. CV 15-10785, 2016 WL 11472750, at *2 (E.D. Mich. June 7, 2016) (Stafford, M.J.), *report and recommendation adopted*, No. 15-10785, 2016 WL 4472998 (E.D. Mich. Aug. 25, 2016) (Tarnow, J.).

To date, no executed waiver of service has been returned, nor has an appearance made on behalf of Defendant Goll. Accordingly, the Court should dismiss Plaintiff's claims against Defendant Goll without prejudice in accordance with Fed. R. Civ. P. 4(m) and terminate this case.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  October 3, 2023

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 3, 2023.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager