UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMEN HILL,

              Plaintiff,

v.

STATE OF MICHIGAN et al.,

              Defendants.

Case No. 22-10631
Hon. Laurie J. Michelson

---

**OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [34] AND DISMISSING CASE
WITHOUT PREJUDICE**

---

**I.**

Benjamen Hill, when a pretrial detainee at the Lenawee County Jail, sued almost two dozen entities and individuals under 42 U.S.C. § 1983 and other laws. (*See* generally ECF Nos. 1, 11.) In October 2022, this Court granted Hill in forma pauperis status and then dismissed the complaint in full. (*See* ECF No. 13.) However, it permitted Hill to file an amended complaint that pled a single excessive-force claim against Defendant Sergeant Joshua Goll. (*Id.* at PageID.82.)

The Court subsequently accepted Hill's Motion to Submit Documentary Evidence as the amended complaint. (ECF No. 18.) It further ordered the Clerk

to prepare the forms necessary to effect service of process on Goll and the U.S. Marshals to then serve the completed service documents on Goll. (*Id.*)

Unfortunately, despite diligent efforts, the Marshal was unable to serve Goll. Service was attempted first at the Lenawee County Jail. (ECF No. 34, PageID.149.) When that was unsuccessful, the Lenawee County Sheriff's Office provided the Court with "ex-employee" Goll's last known address. (*Id.* at PageID.150.) That too was unsuccessful. The Marshal then conducted a reasonable effort search, but was unable to locate an alternate address for Goll. (ECF No. 33.)

Thus, the magistrate judge to whom this case was referred for all pretrial proceedings issued a Report and Recommendation to "dismiss Plaintiff's claims against Defendant Goll without prejudice in accordance with Fed. R. Civ. P. 4(m) and terminate this case." (ECF No. 34, PageID.152.) Magistrate Judge Patti found that, given the unsuccessful efforts at service at the jail, Goll's last known address, and through a reasonable effort search, "the Court and the [Marshal Service] have run out of reasonable options to assist Plaintiff in effecting service of process upon Goll." (*Id.* at PageID.151–152.)

Hill filed a timely objection. (ECF No. 37.) But he does not point out any error in Judge Patti's ruling or support a different result.

## II.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Hill's only "objection" is that he be given an opportunity to hire a private company that specializes in service of process and to continue to try to serve Goll. (ECF No. 37.) Hill does not argue that the magistrate judge misapplied Federal Rule of Civil Procedure 4(m) or committed any other legal or factual error in recommending that the case be dismissed. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("[O]bjections disput[ing] the correctness of the magistrate [judge's] recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." (internal quotation marks omitted)). Nor did he. And nothing prevents Hill from continuing to try

to locate Goll by any means. The recommendation is that the case be dismissed without prejudice, which means that it can be refiled and served on Goll if and when Hill is able to locate him.

### III.

For these reasons, the Court ADOPTS the Magistrate Judge's report and recommendation (ECF No. 34), DISMISSES Hill's claims against Goll WITHOUT PREJUDICE, and terminates the case. A separate judgment will follow.

**SO ORDERED**.

Dated: July 2, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

4